929 F.2d 694
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Lumis Keith BYNUM, Defendant-Appellant.
 No. 90-5382.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1991.
Decided April 8, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-90-127-G)
 Mathias P. Hunoval, Summerfield, N.C., Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a jury trial, Lumis Keith Bynum was convicted of conspiring to possess with the intent to distribute crack, in violation of 21 U.S.C. Secs. 846 and 841(b)(1)(A), and possession with intent to distribute crack, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(B) and 18 U.S.C. Sec. 2. He appeals these convictions and claims that it was error for the trial court not to grant his motion for acquittal under Federal Rule of Criminal Procedure 29(a) because the evidence was not sufficient to convict him beyond a reasonable doubt.
 
 
 2
 We find that the evidence was sufficient to sustain the convictions. Accordingly, we affirm.
 
 
 3
 Evidence at trial established that Bynum and a coconspirator, Thomas Wright, shared an apartment in the Smith Homes housing project in Greensboro. Bynum and Wright shared a closet in the apartment, where crack was stored. In March or April 1989, Wright purchased $10,000 worth of crack from Prince Gilchrist. He returned to the apartment, where Bynum was waiting. The two men then went to an area known as "the block," to sell some of the crack that Wright had just purchased. The remainder of the crack was placed in the closet. Other testimony revealed that Bynum was known to be a drug dealer.
 
 
 4
 On April 18, 1989, Greensboro police stopped a vehicle that Bynum was operating. A baggie containing 7.7 grams of crack was found under the driver's seat. On June 29, 1989, an undercover police officer purchased from Bynum less than one gram of crack for $20. When officers subsequently approached him, Bynum fled but was apprehended. A search revealed him to be in possession of 17 packets of cocaine weighing approximately 2.3 grams.
 
 
 5
 The existence of a conspiracy need not be proved by direct evidence. It may be established by circumstantial evidence from which a jury may reasonably infer the existence of the conspiracy, the members thereof, and the overt acts committed in furtherance thereof. United States v. Laughman, 618 F.2d 1067 (4th Cir.), cert. denied, 447 U.S. 925 (1980). It is essential that the evidence warrant a jury finding that a conspiracy existed and that the appellant was aware of the conspiracy and voluntarily became a part of it. United States v. Dominguez, 604 F.2d 304 (4th Cir.1979), cert. denied, 444 U.S. 1014 (1980).
 
 
 6
 The evidence in the present case was sufficient to establish a conspiracy involving Bynum, Wright, and government witness James Stephens. Testimony established sufficient drug dealings among the named conspirators to support the finding that Bynum was a willing participant in the conspiracy who had knowledge of the purpose of the conspiracy. Moreover, there was ample evidence to support a finding of guilt on the possession charge. Thus, the court properly denied Bynum's Fed.R.Crim.P. 29 motion for acquittal at the close of the government's case. See United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982); see also United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989) (credibility of witnesses is within sole province of jury and not susceptible to review).
 
 
 7
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 8
 AFFIRMED.